

**ORDERED in the Southern District of Florida on January 14, 2014.**



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                    Case No: 13-35196-EPK
                                                          Chapter 13
ALVIN R. BELLEFLEUR &
MILDRED F. BELLEFLEUR,

                Debtors.           /

**ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY NATIONSTAR MORTGAGE, LLC**

THIS CASE came to be heard on January 13, 2014  on the Debtors' *Motion to Value*

*and Determine Secured Status of Lien on Real Property* (DE 42; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection,

having considered the record in this case, and being duly advised in the premises, the

Court FINDS as follows:

      A.     The value of the debtors' real property (the "Real Property") located at

        814 14th St, West Palm Beach, FL 33401, and more particularly described

as

FRESHWATER 11TH & 12TH AVE ADDLT 5 BLK 34

Parcel Id No.: 74-43-43-16-02-034-0050

is $ 52,678.00  at the time of the filing of this case.

B.    No parties hold liens on the real property, senior to priority to Lender.

C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $   52,678.00   and Lender has a secured interest in the Real Property in such amount to be paid at 5.25%.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $ 52,678.00 to be paid at 5.25%.

3.    Because Lender's secured interest in the Real Property is $52,678.00, Lender's mortgage recorded on January 11, 2007  at OR BOOK   21299  Page 1243  of the official records of Palm Beach  County, Florida shall be deemed modified pursuant to the terms of the Debtor's Chapter 13 Plan, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered modified and shall be restored as a lien on the Real Property.

4.    (Select only one):

    X    Lender has not filed a proof of claim in this case.  The trustee shall

not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $___, regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Ozment Merrill
2001 Palm Beach Lakes Blvd, Suite 410
West Palm Beach, FL 33409
561-689-6789

Attorney Drake Ozment is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.